(No. 4960.   August 4, 1928.)

W. G. JENKINS & CO., BANKERS, a Corporation, Appellant, v. D. W. STANDROD and D. L. EVANS, Respondents.

[269 Pac. 586.]

J. H. Peterson and D. Worth Clark, for Appellant.

D. W. Standrod, for Respondents.

BRINCK, Commissioner.—Plaintiff, a banking corporation of Mackay, brings this suit against D. W. Standrod and D. L. Evans, who were two of its five directors, to recover from them damages consisting of losses incurred by plaintiff through what is alleged to be fraudulent conduct of defendants as such directors.

Defendants were directors not only of plaintiff bank, but of another banking corporation known as D. W. Standrod & Company, operating a bank at Blackfoot until 1923, when it was taken in charge by the Commissioner of Finance. It is alleged that defendants were at all times familiar

with the assets and condition of both banks; that in November, 1920, defendants prevailed upon plaintiff to purchase certain promissory notes aggregating some $40,000, and owned by the Blackfoot bank, advising the plaintiff's board of directors that all of said notes were good and were worth face value and would be paid and liquidated in the ordinary course of banking; that at said time the makers of said notes were financially irresponsible and unworthy of credit and not the owners of any property, all of which was known to defendants; that plaintiff's other directors acquiesced in said purchase by reason of defendants' said representations and the trust and confidence they had in the defendants on account of their official position, and that they relied upon defendants' said representations; that at various times after said transaction took place the Blackfoot bank exchanged other notes for the notes so taken by plaintiff, at the maturity of the latter, and that such process of exchanging new notes for notes that had matured continued until January 16, 1923, it being represented by defendants to the other members of plaintiff's board of directors that all such notes received in exchange by it were likewise good notes and worth their face value; that none of the notes so received by plaintiff in the course of such dealings was of any value whatever, but that the makers of all of them were insolvent at the times said exchanges were made, all of which was known to defendants but unknown to the other directors of plaintiff, who acquiesced in the purchases in reliance upon defendants' representations; that in January, 1923, the plaintiff's other directors caused the matter to be investigated, and then ascertained for the first time that none of the notes they had received were of any value, whereupon they made a further exchange with the Blackfoot bank of the notes then in plaintiff's possession which it had received in the course of transactions, receiving therefor certain notes aggregating $39,817.79; that plaintiff accepted said last-mentioned notes solely because they were of more value than the notes it then held, and for the further reason that defend-

ants, after having been advised by plaintiff of the facts it had discovered with reference to the previous notes, had agreed that if plaintiff would accept the last lot of notes, defendants would personally guarantee the payment of the same. It was further alleged that plaintiff has endeavored to collect all of the notes last received by it, but has been able to collect only $3,680.45, and that the notes are otherwise worthless. The complaint alleges damages in the sum of $36,137.34, for which judgment is demanded against defendants.

To this complaint the defendants demurred upon the following grounds: (1) That the complaint does not state sufficient facts to constitute a cause of action; (2) that the action is barred by C. S., sec. 6611, subd. 4; (3) that the complaint is unintelligible, ambiguous and uncertain, in that it cannot be determined therefrom whether the action is for damages for fraud, or is based upon defendants' alleged guaranty of the last lot of notes, and further, in that it is not alleged whether the alleged representations as to the credit of the makers of the notes were in writing, nor whether the alleged guaranty was in writing.

The court sustained the demurrer generally. Plaintiff refused to plead further, and judgment was entered dismissing the complaint, from which judgment the plaintiff appeals.

The special demurrer based upon subdivision 4 of C. S., sec. 6611, providing that an action must be brought within three years after it accrues, if brought for relief upon the ground of fraud or mistake, is without merit, since the complaint shows that the action was brought within three years after the discovery of the alleged fraud.

In demurring upon the ground that it is not shown whether the alleged representations as to the credit of the makers of the notes, were in writing, defendants relied upon C. S., sec. 7978, which is as follows:

"No evidence is admissible to charge a person upon a representation as to the credit of a third person, unless such representation, or some memorandum thereof, be in

writing, and either subscribed by, or in the handwriting of, the party to be charged.''

We do not think it necessary to discuss the applicability of C. S., sec. 7978, to the representations such as are here alleged, if made by one under no duty to speak. The decisions under such statutes are not harmonious, although it is often held that such a statute does not apply to representations made with an intent to defraud; and it is sometimes held that a representation of the solvency of a maker of a note is not a representation as to his credit, when made in connection with a negotiation of the note, but is rather a statement of fact bearing upon the value of the note. The decisions under such statutes are quite exhaustively digested in a note in 9 A. L. R. 536–549; and the history of the statute and the reasons for its enactment are discussed in *Knight v. Rawlings*, 205 Mo. 412, 12 Ann. Cas. 325, 104 S. W. 38, 13 L. R. A., N. S., 212.

The question here is to be viewed rather as the breach by defendants of their duties as fiduciaries, and does not necessarily depend upon the actual representations alleged. As directors of the plaintiff bank, the defendants bore to it a fiduciary relationship, and acted as trustees of the property entrusted to their care. (*Ryan v. Old Veteran Min. Co.*, 37 Ida. 625, 218 Pac. 381; *Riley v. Callahan Min. Co.*, 28 Ida. 525, 155 Pac. 665; Magee on Banks & Banking, sec. 103; 3 Pomeroy's Equity Jurisprudence, 4th ed., sec. 1088.) They were bound to perform their duty as directors with the utmost good faith. (*Camden v. Virginia S. D. & T. Corp.*, 115 Va. 20, 78 S. E. 596; *Coombs v. Barker*, 31 Mont. 526, 79 Pac. 1.) As trustees, it was their duty to disclose to the other directors proposing to buy the notes in question, information they had affecting the bank's interest. (2 Pomeroy's Equity Jurisprudence, 4th ed., sec. 902; 3 Ibid., sec. 1077.) If defendants induced the other directors of plaintiff bank to accept notes which defendants knew were worthless, they were guilty of a breach of the trust reposed in them by the corporation, whether such inducements were by way of actual misrepresentation of facts, or merely by

concealment of such facts known to them. If there was added to mere failure to disclose facts known by them as to the worthlessness of property which the other directors proposed to buy, the further fact that as directors of the vendor corporation they were affirmatively interested in the transaction adversely to plaintiff, their acts of concealment were a violation of the duties they owed plaintiff by virtue of their official capacity and the confidence which it had reposed in them. Though a director may deal with his corporation through the other members of the board, if the contract be fair and no advantage taken, yet directors, chosen by the stockholders of a bank for the prime purpose of safeguarding its investments, cannot lay aside their trust at will, and deal as strangers with the other directors, so as to foist worthless securities upon the bank by concealing facts within their knowledge affecting their value.

In *Pasley v. Freeman,* 3 Term. Rep. 51, 1 R. R. 634, 100 Eng. Reprint, 450 (1789), it was held that a false affirmation as to the credit of a third person, made by the defendant with intent to defraud the plaintiff, and in reliance upon which the plaintiff extended credit to the third person, was actionable, though it did not appear that the defendant benefited by the deceit or that he colluded with the person benefited, but merely knowingly asserted the falsehood. It is generally considered that it was to remedy the evils and abuses growing up under this decision that Lord Tenterden's Act was passed by Parliament in 1828. (*Knight v. Rawlings, supra.*) Our statute, C. S., sec. 7978, though abbreviated in form, is founded upon Lord Tenterden's Act. No case has been cited, and we find none, applying such statute to a situation where the representers were acting in a fiduciary capacity. The dissenting opinion of Grose, J., in *Pasley v. Freeman, supra,* urges against the adoption of the rule there laid down, among other reasons, the fact that the defendant was in no situation in which the law considered him in any trust or demanded from him any account of the credit of the third person; and in *Knight v. Rawlings, supra,* in

applying the Missouri statute as prohibiting evidence of oral representations involved in that case, it is pointed out that the defendant there did not sustain a confidential relation to plaintiff. We think the statute was not intended to cover oral representations made in violation of a fiduciary relationship. The gravamen of the charge here is a breach of those relations, and if, as an incident to proving that charge, it becomes necessary to prove oral representations, we think the statute does not preclude such proof, in view of its history and purpose. The general demurrer and the special demurrer for uncertainty as to whether the representations charged were in writing, should have been overruled.

It was not necessary to allege whether the statements of defendants that they would guarantee the notes were in writing, nor is the complaint uncertain as to whether a guaranty is here relied upon. It is not alleged that a contract of guaranty was made, and the action cannot be viewed as based upon such a guaranty.

We recommend that the judgment be reversed and the cause remanded, with directions to the trial court to overrule the demurrer and fix a time within which defendants may answer. Costs to appellant.

Varian and Baker, CC., concur.

The foregoing is approved as the opinion of the court. The judgment is reversed and the cause remanded, with directions to the trial court to overrule the demurrer and fix a time within which defendants may answer. Costs to appellant.

Wm. E. Lee, C. J., and Taylor and T. Bailey Lee, JJ., concur.

Givens, J., disqualified.

Budge, J., took no part in opinion.