CHARLES J. GAUNT, EXECUTOR OF THE ESTATE OF CLARA L. GAUNT,
DECEASED *v.* PEOPLES TRUST BANK AND T. R. KENNY

[No. 3-1276A294. Filed August 17, 1978.]

*Roy S. Dale, Dale & Rosenblatt*, of Fort Wayne, for appellant.

*Edward L. Murphy, Jr., Livingston, Dildine, Haynie & Yoder*, of Fort Wayne, for appellee Peoples Trust Bank.

STATON, J. — The executor of the estate of Clara Gaunt filed a complaint alleging that T.R. Kenny ("T.R.") and Peoples Trust Bank ("the bank") had been negligent in their dealings with Clara Gaunt ("Clara"). The complaint further alleged that as a result of that negligence, the estate was damaged to the extent of $7,095.59. Following the presentation of all the evidence, the trial judge withdrew the matter from the jury and entered a judgment on the evidence for the defendants. In his appeal to this court, the executor contends that the trial court erred in entering the judgment on the evidence.

We affirm.

For many years prior to 1972, Clara had maintained a savings account at the bank. In 1972, Clara's physical health was failing. Accordingly, her son Charles went to the bank and requested that his name be added to her account so that he might make deposits and withdrawals for his mother. In response to Charles' request, T.R., an assistant vice-president

of the bank, gave him a signature card which purported to create a joint account with the right of survivorship.

Charles took the card home and both he and Clara signed it.[1] The next day, Charles returned the card to the bank, whereupon his name was added to Clara's passbook. That addition was made by typing "Charles J. Gaunt" on the inside cover and conspicuously stamping above the names and account number the following terms:

"Or either of them in joint tenancy with right of survivorship and not as tenants in common."

Charles knew that something had been stamped above the names, but testified that he never read it.

Charles subsequently encountered financial difficulties and, on August 29, 1973, he filed a petition for bankruptcy. On September 18, 1973, Charles and Clara transferred the money in the joint savings account to another joint savings account. Clara died on February 23, 1974. Thereafter, the trustee in bankruptcy filed a petition to have the proceeds of the account turned over to him, which petition was granted.

The executor then initiated this action, contending that the bank and T.R. were indebted to the estate for the amount of money that was in the account at the time of Clara's death. In maintaining this action, the executor does not challenge the validity of the provisions in the account establishing the right of survivorship, nor does he question the fact that upon Clara's death the money passed to Charles. Instead, the executor claims that Clara would not have created the joint account if she had been informed that upon her death the money in the account would go to Charles and not her estate.

The executor bases his cause of action on the theory that the bank, through its agent (T.R.), was negligent in the manner in which it allowed Clara to open the account. In order to establish actionable negligence, the executor must show: (1) that the bank owed Clara a duty; (2) that the bank breached that duty; and (3) that

---

1. Charles testified that he did not read the card before signing it. He also testified that he understood the nature of a joint account and that he would have realized his mother was creating a joint account if he had read the card. The record is silent as to whether or not Clara read the card before signing it.

the estate was damaged as the proximate result of the bank's breach. *Taylor v. Indiana Bell Telephone Company* (1970), 147 Ind.App. 507, 262 N.E.2d 399.

The executor argues that the bank was under a duty, before permitting Clara to open a joint account, to ascertain whether such an account, with its concomitant right of survivorship, was consistent with her wishes. We accept the executor's contention that the relationship between a bank and its customers may, in some instances, be such as to impose that kind of duty. This, however, is not one of those instances. The money belonged to Clara and was hers to do with as she pleased. The bank was not her financial or estate planning advisor. It was merely the depository of her funds and, as such, acquired no investigatorial duties. The signature card very clearly explained the nature of the joint account. Clara was afforded not only an opportunity to read the card before signing it, but also an opportunity to make further inquiries if she did not understand the card's contents. Her alleged failure to understand that she was opening a joint account was not due to the breach of any duty on the bank's part.

Ind. Rules of Procedure, Trial Rule 50, authorizes the trial judge to withdraw issues from the jury and enter judgment thereon when the issues are not supported by sufficient evidence. Here, there was simply no evidence which would support a finding that the bank had a duty to inquire before permitting Clara to open the account. Therefore, the trial judge properly entered a judgment on the evidence for the defendants.

The judgment of the trial court is affirmed.

Buchanan, C.J., (by designation), concurs;

Garrard, J. concurs in result.

NOTE—Reported at 379 N.E.2d 495.