Donald G. **TEELING**, Appellant (Plaintiff Below),

v.

The **INDIANA NATIONAL BANK**, Donald Miller and James Burford, Appellees (Defendants Below).

No. 1–381A91.

Court of Appeals of Indiana, Fourth District.

June 24, 1982.

MILLER, Presiding Judge.

Plaintiff-appellant Donald K. Teeling is appealing adverse summary judgments rendered in favor of defendants-appellees The Indiana National Bank (INB) and its employees, Donald Miller and James Burford.[1] Each count of Teeling's three count complaint claimed oral misrepresentations by Miller and Burford induced Teeling to agree to allow his INB certificates of deposit to be pledged by one Paul Shelton for a business (a waterbed store) loan. In essence count one alleged the representations, although made orally, were nevertheless actionable. The second count alleged INB breached a fiduciary duty to care for and protect Teeling's deposits, and the third count sounded in a negligent breach of the fiduciary duty. Teeling claims on appeal that 1) his complaint was not barred by the Statute of Frauds because the oral representations by INB concerned the value of Shelton's property and not Shelton's "character, conduct, credit, ability, trade or dealings,"[2] and 2) by virtue of INB's failure to present the trial court with evidence of the information contained in the certificates of deposit, INB failed to establish the terms of the certificates did not impose a fiduciary duty on INB to provide Teeling sound investment advice. We agree with Teeling with respect to this latter contention, and further find the existence of a fiduciary relationship, should it exist, falls outside the operation of Ind.Code 32–2–1–6. We must, therefore, reverse.

Marcus C. Emery, Steers, Sullivan, McNamar & Rogers, Indianapolis, for appellant.

Malcolm C. Mallette, Krieg, DeVault, Alexander & Capehart, Indianapolis, for appellee Indiana Nat. Bank.

Jerry Williams, Indianapolis, for appellees Donald Miller & James Burford.

## DECISION

Since the procedural posture of this case is Teeling's appeal from a summary judgment in favor of the Bank, we repeat some familiar principles of summary judgment. It is well settled that summary judgment is proper only when no genuine issues of material fact exist and the moving party is

1. Where appropriate we will refer to all three appellees as "INB."

2. Ind.Code 32–2–1–6 provides: "[n]o action shall be maintained to charge any person by reason of any representation made concerning the character, conduct, credit, ability, trade or dealings of any other person, unless such representation be made in writing and signed by the party to be charged thereby, or by some person thereunto by him legally authorized."

entitled to judgment as a matter of law. *Criss v. Bitzegaio,* (1981) Ind., 420 N.E.2d 1221. A fact is "material" for summary judgment purposes if it facilitates the resolution of any issues involved. *Brandon v. State,* (1976) 264 Ind. 177, 340 N.E.2d 756. In reviewing a grant of summary judgment the pleadings, depositions, admissions on file, affidavits, answers to interrogatories, and testimony, if any, are liberally construed in favor of the opponent and any doubt as to the existence of a genuine issue is resolved against the proponent. *Podgorny v. Great Central Ins. Co.,* (1974) 160 Ind.App. 244, 311 N.E.2d 640. *Doe v. Barnett,* (1969) 145 Ind.App. 542, 251 N.E.2d 688. Finally, even in cases where the court believes the motion's proponent is likely to prevail at trial, summary judgment is inappropriate if any genuine issue of material fact exists. *Barbre v. Indianapolis Water Co.,* (1980) Ind.App., 400 N.E.2d 1142.

■ Here, in ruling on the summary judgment motions the trial court had before it the pleadings and the published depositions of Teeling, Burford and Miller. The facts are undisputed INB advanced Shelton a loan which was secured by Teeling's two certificates of deposit. In count one of his complaint Teeling stated he was induced to do so by INB's knowingly false representations to him "that the sole and only reason the ... Bank could not [loan money to Shelton] was its inability to accept the inventory [waterbeds] of the intended business ... of Shelton ... as collateral for the loan." In counts two and three of his complaint Teeling incorporated by reference count one, and also claimed INB breached a fiduciary relationship owed him by virtue of his being a depositor of INB. In his deposition Teeling (the non-moving party) testified the only reason mentioned by Miller as to why INB could not loan Shelton the money he needed to buy the waterbed shop

was "the Bank could not take waterbeds as collateral." Teeling also testified Burford had informed him "the Bank would make this loan because it is a very good situation. However, they cannot take waterbeds as collateral." Teeling conceded INB's representations were oral. Teeling further testified he was a customer and a depositor of INB as evidenced by a checking account and his two certificates of deposit, and aside from these he had no other business relationships with INB. The depositions of Miller and Burford corroborated this testimony. However, the certificates of deposit were never placed in evidence, nor was there any testimony as to their contents.[3] From our review of the evidence before the trial court we find that there remained a genuine issue of material fact as to whether INB, by virtue of the language of its certificates of deposit, owed Teeling a fiduciary duty as he alleged.

■ Certificates of deposit are contractual in nature. " 'As early as 1886, Indiana recognized the inherent contractual nature of certificates.' " *In re Estate of Fanning,* (1975) 263 Ind. 414, 418, 333 N.E.2d 80, 83. A bank deposit may be made subject to any legal agreement which the depositor and the bank may make concerning it, so long as it does not injuriously affect the rights of innocent third parties. *Sindlinger v. Department of Financial Institutions,* (1936) 210 Ind. 83, 199 N.E. 715; *Rottger v. Delta Delta Delta Realty Corp.,* (1933) 98 Ind.App. 680, 184 N.E. 412. "A deposit for a specific purpose creates a fiduciary relationship and the purpose must be fulfilled and executed according to the terms of the agreement of deposit." *Sindlinger v. Department of Financial Institutions, supra* 210 Ind. at 101, 199 N.E. at 723. *Shopert v. Indiana National Bank,* (1908) 41 Ind.App. 474, 83 N.E. 515.[4]

---

3. The parties have made no argument regarding the checking account, the terms of which also do not appear in the record.

4. If there is no bad faith connected with the transaction, the character of the deposit, whether general or special, is to be determined from the contract between the depositor and

the bank. *Sindlinger v. Department of Financial Institutions, supra.* Although the terms are sometimes used interchangeably, a special deposit creates the relation of bailor and bailee

■ As the above rules of law make abundantly clear, the relationship between a depositor and a bank is contractual in nature, and the parties are generally free to establish a fiduciary relationship between themselves by agreement. Thus in *Gaunt v. Peoples Trust Bank*, (1978) Ind.App., 379 N.E.2d 495, this Court recently observed a bank may, in some instances, be under a duty "as a financial or estate planning advisor" to ascertain whether a joint account with its right of survivorship is consistent with the wishes of the depositor. *Id.* at 496. In *Gaunt* an elderly depositor maintained a savings account at a bank and when her health failed, her son requested the bank to add his name to the account. In response the bank provided the son with a signature card which was later signed by both the mother and the son. After the mother died her executor brought a negligence action against the bank, claiming the mother would never have created a joint account if she had been informed that upon her death the money in the account would go to her son and not her estate. Thus, the executor asserted the Bank negligently breached its duty to ascertain whether such an account was consistent with her wishes. The *Gaunt* court affirmed the trial judge's withdrawal of the case from the jury and entry of judgment after all the evidence (directed verdict) as the evidence made it clear the bank had not assumed the duty of financial advisor to the depositor. This Court noted the evidence revealed the bank was merely the depository of her funds and therefore had assumed no duties as her "financial or estate planning advisor." *Id.* at 496. However, in reaching its decision the Court also stated *"[w]e accept the executor's contention that the relationship between a bank and its customers may, in some instances, be such as to impose that kind of duty." Id.* (emphasis added); *accord, Klein v. First Edina National Bank*, (1972) 293 Minn. 418, 196 N.W.2d 619.

While INB may have had no duty to act as Teeling's financial advisor, as the proponent of summary judgment it was INB's duty to affirmatively establish the absence of a genuine issue of material fact as to the existence of such relationship. This it has failed to do by not revealing the terms under which Teeling's funds were deposited. We conclude, therefore, that INB has not met its burden of showing the absence of a genuine material issue of fact.

■ Finally, we find the question of whether the existence of a fiduciary duty falls outside the operation of the Statute of Frauds, IC 32-2-1-6, is one of first impression in Indiana. However, it has been held the statute was not intended to cover oral representations made in violation of a fiduciary relationship. *W. G. Jenkins & Co. v. Standrod*, (1928) 46 Idaho 614, 269 P. 586; *see* 72 Am.Jur.2d *Statute of Frauds* § 176 at 707 (1974) and *Brock & Davis Co., Inc. v. Charleston National Bank*, (S.D.W.Va.1977) 443 F.Supp. 1175. As explained by the Idaho Supreme Court in *W. G. Jenkins & Co. v. Standrod, supra* 46 Idaho at 620–621, 269 P. at 588:

"[i]n *Pasley v. Freeman*, (1789) 3 Term Rep. 51, 1 R.R. 634, 100 Eng. Reprint 450, it was held that a false affirmation as to the credit of a third person, made by the defendant with intent to defraud the plaintiff, and in reliance upon which the plaintiff extended credit to the third person, was actionable though it did not appear that the defendant benefited by the deceit or that he colluded with the person benefited, but merely knowingly asserted the falsehood. It is generally considered that it was to remedy the evils and abuses growing up under this decision that Lord Tenterden's Act was passed by Parliament in 1828. *Knight v. Rawlings*, [(1907) 205 Mo. 412, 104 S.W. 38]. Our statute (C.S. § 7978), though abbreviated in form, is founded upon Lord Tenter-

---

and entitles the bailor to receive back the exact thing deposited. A deposit for a specific purpose creates a fiduciary relationship and the purpose must be fulfilled and executed according to the terms of the agreement of deposit.

*Id.* A general deposit in a bank becomes the bank's property and merely creates a debtor-creditor relation. *Citizens National Bank of Whitley County v. Mid-States Development Co., Inc.*, (1978) Ind.App., 380 N.E.2d 1243.

den's Act. No case has been cited, and we find none, applying such statute to a situation where the representors were acting in a fiduciary capacity. The dissenting opinion of Grose, J., in *Pasley v. Freeman, supra,* urges against the adoption of the rule there laid down, among other reasons, the fact that the defendant was in no situation in which the law considered him in any trust or demanded from him any account of the credit of the third person; and in *Knight v. Rawlings, supra,* in applying the Missouri statute as prohibiting evidence of oral representations involved in that case, it is pointed out that the defendant there did not sustain a confidential relation to plaintiff. We think the statute was not intended to cover oral representations made in violation of a fiduciary relationship. The gravamen of the charge here is a breach of those relations, and if, as an incident to proving that charge, it becomes necessary to prove oral representations, we think the statute does not preclude such proof, in view of its history and purpose."

Like the statute in *Jenkins,* IC 32–2–1–6 is a modern enactment of Lord Tenterden's Act. *Cook v. Churchman,* (1885) 104 Ind. 141, 3 N.E. 759. We conclude, therefore, the existence of a fiduciary relationship removes a case from the operation of IC 32–2–1–6.[5]

Reversed and remanded for further proceedings consistent with this opinion.

CONOVER and YOUNG, JJ., concur.

---

**5.** The trial court's ruling with respect to count one of Teeling's complaint was correct in that, as the count was framed, it did not allege the representations were made about particular property with a view to induce an investment in the property, but instead merely alleged the representations were made regarding property with a view toward establishing a third person's credit in an effort to solicit a guaranty. *Compare, Stauffer v. Hulwick,* (1911) 176 Ind. 410, 96 N.E. 154, *with Cook v. Churchman, supra.* In *Cook* the plaintiff extended credit to the third person based on representations as to the quality and value of the third person's property. By contrast in *Stauffer* the plaintiff, relying on representations regarding the value of real property, invested in a mortgage on the real property, basing her decision on the value of the property rather than on the character, conduct, ability or dealings of the owner.