INDIANA & MICHIGAN ELECTRIC
COMPANY and American Electric
Power Service Corporation, Appellants
(Defendants and Counterclaimant Be-
low),

v.

TERRE HAUTE INDUSTRIES, INC., Ap-
pellee (Plaintiff and Counterclaim De-
fendant Below),

and

Insurance Company of North America,
Appellee (Counterclaim
Defendant Below).

No. 1–882 A 245.

Supreme Court of Indiana.

July 28, 1988.

Thomas W. Yoder and C. Erik Chicke-
dantz, Livingston Dildine Haynie & Yoder,
Fort Wayne, James G. McDonald, Jr.,
Princeton, for appellants.

Hansford C. Mann, Max E. Goodwin,
Mann, Chaney, Johnson, Goodwin &
Williams, James O. McDonald, Everett, Ev-
erett, McDonald & Ireland, Terre Haute,
Charles R. Nixon, Robert J. Fair, Prince-
ton, for appellee Terre Haute Industries,
Inc.

Gus Sacopulos, Sacopulos Johnson and
Hahn, Terre Haute, for appellee Ins. Co. of
North America.

ON CIVIL PETITION TO TRANSFER
Petition to Transfer Denied.

DICKSON, Justice, dissenting from the
denial of appellee's petition to transfer.

By previous separate order dated March
7, 1988, denying the petition to transfer
filed on behalf of Indiana & Michigan Elec-
tric Company and American Electric Power
Service Corporation, this Court let stand
the trial court's judgment and award of
compensatory damages in favor of plain-
tiff-appellant Terre Haute Industries, Inc.
(T.H.I.) resulting from the breach of con-
tract by defendants-appellants. The Court
of Appeals had affirmed this portion of the
judgment. *Indiana & Michigan Electric
Co. v. Terre Haute Industries, Inc.* (1987),
Ind.App., 507 N.E.2d 588. With today's
decision to deny T.H.I.'s petition to trans-
fer, the majority declines to reinstate the
trial court's punitive damage award which
was subsequently reversed by the Court of
Appeals. *Id.*

The case was presented to the trial court
without a jury. It was an intense, hotly-
contested courtroom battle often testing
the patience, control, and wisdom of Judge
Walter Palmer, who presided over the trial
in admirable fashion. The presentation of
evidence consumed 81 days of trial occur-
ring over a period of 25 weeks. Closing
arguments occurred four months later.
The appellate record contains 138 volumes
consisting of over 37,000 pages. Judge
Palmer's resulting judgment order includes
31 detailed and thoughtful findings of fact.

Appellate review of the trial court judg-
ment is guided by the provisions of Trial
Rule 52(A):

On appeal of claims tried by the court
without a jury or with an advisory jury,
at law over in equity, the court on appeal
shall not set aside the findings or judg-
ment unless clearly erroneous, and due
regard shall be given to the opportunity
of the trial court to judge the credibility
of the witnesses.

This standard of "clearly erroneous" is fur-
ther emphasized in Appellate Rule 15(N)(6):

A verdict, finding, judgment, order or
decision shall be reversed upon appeal as
not supported by or as contrary to the
evidence *only when clearly erroneous,*
and due regard shall be given the oppor-
tunity of the finder of fact to judge the
credibility of witnesses. [emphasis add-
ed]

Illustrative of the wisdom of TR 52(A)
and AR 15(N)(6), the experienced trial
judge here was clearly in a unique position
to assess credibility of witnesses and to
synthesize the evidence from the lengthy
and complex trial. Particularly under
these circumstances, it was inappropriate
for the Court of Appeals to impose its

reinterpretation of the evidence and to modify the trial court judgment.

Judge Palmer's decision should survive appellate review in this case. His award of punitive damages was not "clearly erroneous" and thus not subject to reversal on appeal.

SHEPARD, C.J., concurs.