George GREIVES, Jr. and Robert
Greives, Appellants (Plaintiffs
Below),

v.

Gary GREENWOOD, D.V.M., individually
and d/b/a Greenwood Veterinary Clin-
ic, Appellee (Defendant Below).

No. 49A04–8812–CV–423.

Court of Appeals of Indiana,
Fourth District.

Feb. 19, 1990.

Patrick W. Harrison, Beck & Harrison, Columbus, Lance D. Cline, Townsend, Yosha & Cline, Indianapolis, for appellants.

Jon D. Krahulik, Paul J. Knapp, Nana Quay–Smith, Bingham Summers Welsh & Spilman, Indianapolis, for appellee.

CONOVER, Judge.

Plaintiffs–Appellants George and Robert Greives (The Greives) appeal the trial court's grant of partial summary judgment and partial denial of motion to correct error. Defendant–Appellee Dr. Gary Greenwood (Greenwood), owner of Greenwood Veterinary Clinic, cross-appeals.

We affirm in part and reverse in part.

The Greives present the following restated issues for our review:

1. whether the trial court erred in ruling damages for loss of profit from unborn and future unborn calves due to the slaughter of the mother or the stress of testing procedures are not recoverable as a matter of law;

2. whether the trial court erred by determining the Greives were not entitled to recover damages for injury to the reputations of themselves, their cattle business, or their herds as a matter of law, and

3. whether the trial court erred in concluding the Greives are not entitled to damages, as a matter of law, for default of financial obligations, default judgments, bankruptcy actions or similar proceedings due to Greenwood's negligence.

Greenwood cross-appeals and presents the following restated issues:

1. whether the trial court erred in allowing the Greives to present a claim for lost profits from the spring 1982 sale, and

2. whether the trial court erred in allowing the Greives to present their claim of variable costs when the parties settled this dispute prior to this appeal and any remaining costs were not recoverable as a matter of law.

The Greives ran a farming operation which specialized in breeding purebred Hereford animals. In the fall of 1981, Greenwood, a veterinarian, negligently injected two members of the Greives' herd with a Brucellosis vaccine known as Strain 19, which is a non-communicable form of the Brucella organism. In February 1982, the animals were labeled as suspects or reactors to the Brucellosis test. Thus, in March the state issued a Notice of Quarantine covering the entire herd. One animal was immediately slaughtered and the tissue samples revealed Strain 19.

The quarantine postponed the Greives' spring 1982 sale and thus, their breeding stock was not available for sale until the fall. When these animals were finally able to be sold, many did not sell and those sold brought less than their fair market value. Due to the quarantine, the Greives spent additional money feeding and caring for the animals until they could be sold. The Greives filed bankruptcy as the culmination of their misfortune.

In December 1982, the Greives filed suit against Greenwood, the Greenwood Veterinary Clinic, the Indiana State Board of Health and the State of Indiana. Voluntary dismissals as to the Board of Health and the State were later entered. Various motions, not germane to this appeal, were filed and addressed by the court. In June 1987, the court granted and denied in part Greenwood's Motion in Limine regarding damages. The Order in Limine prevented mention at trial by the parties of loss of profits from sales, interest on loans, costs of hay and grains, loss of unborn and future unborn calves, loss of reputation, and loss from default of payment of financial obligations, all items of damage advanced by the Greives. Then on the Greives' motion, the trial court converted its Order in Limine into a partial summary judgment, upon which stipulated findings of fact and conclusions of law were entered. The trial court then certified its partial summary judgment for interlocutory appeal but this court declined it, leaving those issues temporarily at rest below.

Upon return to the trial court, the parties stipulated to findings of fact and conclusions of law, and a consent judgment for $18,000, which the trial court entered as a final judgment. These stipulations, as approved and entered by the court, specifically preserved for appeal the propriety of the court's refusal to permit the Greives to present evidence on the several items of damage it had earlier ruled upon by the entry of partial summary judgment. The Greives then filed a motion to correct error, specifically raising their damage issues. When it ruled on the motion to correct error, the trial court reversed itself on several issues. It determined the Greives were entitled to have evidence heard on loss of net profits, loss of proceeds from sales and necessary expenses incurred during the quarantine period, but denied the Greives' motion as to losses of unborn and future unborn calves, loss of reputation and any default in payment of financial obligations. The Greives appeal denial of the last three issues. Greenwood cross-appeals as to those issues upon which the trial court reversed itself.

Additional facts, as necessary, appear below.

Summary judgment is appropriate only in limited situations. Ind. Trial Rule 56 provides in part

(C) *Motion and Proceedings Thereon.*
. . . The [summary] judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, admissions and affidavits filed pursuant to Trial Rule 5(D), together with any testimony show that there is *no genuine issue as to any material fact,* and that *the moving party* is entitled to judgment *as a matter of law. . . .*

(E) *Form of Affidavits—Further Testimony—Defense Required. . . .*
When a motion for summary judgment is made and *supported as provided in this rule,* an adverse party may not rest upon

the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, *if appropriate*, shall be entered against him.... (Emphasis supplied).

Thus, the moving party carries the burden of establishing:

(a) there is no issue as to any material fact, and

(b) he is entitled to judgment as a matter of law.

*Pepkowski v. Life of Indiana Insurance* (1988), Ind.App., 526 N.E.2d 1015, 1016, rev'd on other grounds, (1989), Ind., 535 N.E.2d 1164. The moving party must fulfill these two requirements before any burden shifts to the nonmovant. *Id.* The nonmovant may rest upon his pleadings until the moving party establishes no genuine factual issue exists. *Id.* If, however, the moving party successfully demonstrates no genuine issue exists, the nonmoving party must show the presence of such a fact to stave off summary judgment. *Fort Wayne Community Schools v. Fort Wayne Education Association, Inc.* (1986), Ind.App., 490 N.E.2d 337, 339; *Conard v. Waugh* (1985), Ind.App., 474 N.E.2d 130, 134. In doing so, the nonmoving party may not merely rest upon his pleadings, but his response must set forth specific facts indicating an issue of material fact exists. *Popp v. Hardy* (1987), Ind. App., 508 N.E.2d 1282, 1284; *Fort Wayne Community Schools, supra,* at 340; T.R. 56(E). If the nonmovant fails to meet his burden, summary judgment may be granted. *Williams v. Lafayette Production Credit Association* (1987), Ind.App., 508 N.E.2d 579, 582, *reh. denied; Conard, supra,* at 134; T.R. 56(E).

■ When reviewing the grant of a summary judgment motion, we stand in the shoes of the trial court. *Pepkowski, supra.* All evidence must be construed in favor of the nonmovant and all doubts as to the existence of a material issue must be resolved against the movant. *Penwell v. Western & Southern Life Ins. Co.* (1985),

Ind.App., 474 N.E.2d 1042, 1044. Even if the facts are not in dispute, summary judgment is inappropriate if conflicting inferences arise. *Board of Aviation Commissioners of St. Joseph County v. Hestor* (1985), Ind.App., 473 N.E.2d 151, 153.

■ Summary judgment is not a substitute for a trial to resolve factual disputes. Though the trial court may believe the nonmovant will be unsuccessful at trial, summary judgment should not be granted where material facts are disputed or conflicting inferences arise. *Pepkowski, supra.*

The Greives contend the trial court erred in granting partial summary judgment on the issue of damages for loss of profit from unborn or future unborn cows. The Greives maintain many of their cows aborted calves because of stress from the testing procedures, and they should be compensated for their loss. In addition, the Greives argue they are entitled to compensation for the known calf lost due to the slaughter of a pregnant cow. We disagree.

■ Damages directly attributable to the wrong done are recoverable. *Symon v. Burger* (1988), Ind.App., 528 N.E.2d 850, 852. However, the trier of fact may not be permitted to indulge in speculation in fixing the amount to be awarded. *Jerry Alderman Ford Sales, Inc. v. Bailey* (1972), 154 Ind.App. 632, 291 N.E.2d 92, 106, *reh. denied,* modified, (1973), 154 Ind.App. 632, 294 N.E.2d 617. Damages may not be awarded on guess or speculation, but must be ascertainable with reasonable certainty. *Indiana & Michigan Electric v. Terre Haute Industry* (1987), Ind.App., 507 N.E.2d 588, 601, *reh. denied, trans. denied,* (1988), Ind., 525 N.E.2d 1247. Uncertainty of dollar amount does not prevent the award of damages. *Id.* A jury may consider lost profits only if there is sufficient evidence to prevent mere speculation. *Jackson v. Russell* (1986), Ind.App., 498 N.E.2d 22, 38, *reh. denied, trans. denied,* relying on *Prudential Insurance Co. v. Executive Estates, Inc.* (1977), 174 Ind. App. 674, 369 N.E.2d 1117, *reh. denied.*

Further, domestic cattle are regarded as property. 3A C.J.S. *Animals* § 4 (1973). See also *State v. Sumner* (1850), 2 Ind. 377. Where damages are allowed for injury to or loss of cows, damages cannot also be allowed for the loss of unborn calves carried by them, since unborn calves have no market value and a separate allowance for them would amount to double damages. 3A C.J.S. *Animals* § 313 (1973); *Texas Pipe Line Co. v. Sheffield* (1936), Tex.Civ.App., 99 S.W.2d 684, 685. The basic measure of damages is generally the market value of the animal, if there is a market value, immediately prior to the wrongful act. 4 Am.Jur.2d *Animals* § 146 (1962).

Here, the Greives recovered $18,000 for the loss of two cows and a partial satisfaction of judgment was entered. This amount constituted the fair market value of the cows. Our law does not allow speculative damages and an award for the value of future unborn calves would be based on conjecture. Thus, the trial court correctly determined damages of this nature are not recoverable as a matter of law. There was no error in removing this issue from the case through partial summary judgment.

Additionally, the Greives contend the grant of partial summary judgment erroneously disposed of their claim for damages due to loss of reputation. The Greives maintain the Brucellosis scare damaged their business reputation as well as the reputation of their herds. As such, they claim damages are recoverable. We disagree.

Damages for loss of reputation are only available in actions for libel, slander, abuse of process, malicious prosecution and third party contract interference. *Indiana & Michigan Electric Co., supra*, 507 N.E.2d at 606; *Claise v. Bernardi* (1980), Ind.App., 413 N.E.2d 609, 612; *Terre Haute Regional Hospital v. El–Issa* (1984), Ind.App., 470 N.E.2d 1371, 1382 *reh. denied, trans. denied* (Neal, J., concurring). These intentional torts afford this remedy because the result is foreseeable. Foreseeability means that which it is objectively

reasonable to expect, not merely what might conceivably occur. *Peck v. Ford Motor Co.* (1979), (U.S.C.A. 7th Cir.) 603 F.2d 1240, 1246–1247.

Here, the loss of business reputation was not a foreseeable consequence of the negligent inoculation of two cows. Thus, recovery is not available. The trial court did not err in summarily disposing of this issue as loss of reputation damages are not recoverable in a negligence action as a matter of law.

The Greives next contend the partial grant of summary judgment erroneously removed their claim for damages due to default on various financial obligations and the ensuing financial losses arising from collection procedures. They maintain their default in payment of financial obligations, and the resultant default judgments, foreclosures, replevins and repossessions brought against them by their creditors, as well as their voluntary reorganization are directly related to the wrong and are recoverable as a matter of law. We disagree.

Damages directly attributable to the wrong are compensable. *Symon, supra*. The proper measure of damages for injury to personal property is the difference in value of the property immediately before and immediately after the injury, and any amount reasonable expended as a proximate result of the wrongful act. *Universal Carloading & Distributing Company, Inc. v. McCall* (1940), 107 Ind.App. 479, 25 N.E.2d 253, 254. Foreseeability means that which it is objectively reasonable to expect, not merely what might conceivably occur. *Peck, supra.*

Here, the Greives' claims are not foreseeable consequential losses because default in financial obligation is not objectively reasonable to expect from the negligent inoculation of two cows. The Greives' unfortunate financial situation is not a foreseeable consequence of Greenwood's negligent act. The trial court did not err.

As cross-appellant, Greenwood contends the trial court erred in granting the Greives' Motion allowing them to present

evidence as to their loss of net profits and loss of proceeds from the spring 1982 production sale. Greenwood maintains this is merely a restatement of their claim for business reputation damages, previously disallowed by the trial court. We disagree.

The Greives are entitled to prove all their damages providing they are not based on speculation. *Jerry Alderman Ford, supra,* 291 N.E.2d at 106. No particular degree of mathematical certainty is required in awarding damages. *Indiana Bell Telephone Co., Inc. v. O'Bryan* (1980), Ind.App., 408 N.E.2d 178, 184. Indiana recognizes recovery of lost profits in a tort action. *Babson Bros. Co. v. Tipstar Corp.* (1983), Ind.App., 446 N.E.2d 11, 15, *reh. denied.* A proper award of lost profits must be confined to a loss of net profits. *Ashland Pipeline v. Indiana Bell Telephone Co.* (1987), Ind.App., 505 N.E.2d 483, 490, *reh. denied, trans. denied.*

Here, due to the negligent inoculation, the herd was quarantined and a planned sale was postponed. Even after the quarantine was lifted, the animals were not able to be sold immediately as their sale is seasonal. Since there is an identifiable market for the animals, their fair market value is easily ascertainable to determine loss of net profits. The trial court did not err in determining the Greives should have been permitted to present their claims for lost profits and proceeds caused by the delay of the spring 1982 sale.

Finally, Greenwood contends the trial court erred in granting the Greives the opportunity to present evidence of consequential damages, including "feed costs and other variable costs," to the trier of fact. Greenwood maintains the trial court correctly decided the matter with respect to feed costs but contends the trial court erred in determining interest expense is a variable cost. He further maintains the parties treated interest expense as a distinct claim for damages, separate from other variable costs in various documents throughout the case and it cannot now be treated as a variable expense. We agree.

The Greives raised their desire to treat interest expenses as a variable expense in their motion to correct error. However, it was not ruled on by the trial court and thus, it is deemed denied. Ind. Trial Rule 53.3. The Greives did not raise this argument in their appellant's brief and cannot raise it for the first time in their Reply Brief. This error is waived as we do not have jurisdiction to determine those issues belatedly raised in a reply brief. *Marsch v. Lill* (1979), Ind.App., 396 N.E.2d 695, 696. Further, the remaining variable costs were previously settled by the parties.

In summary, the trial court's order on the Motion to Correct Error is affirmed as it pertains to lost profits from unborn and future unborn calves, damages for injury to business reputation, default in payment of financial obligations or collection procedures, expenses for care and feeding between the scheduled spring 1982 sale and the actual sale of the animals, and loss of profits and proceeds from the spring sale. Further, the Order on Motion to Correct Error relating to treatment of interest expense as a variable expense is reversed. Interest expense is not a variable expense in this action. The remaining variable costs were previously settled by the parties, thus the trial court erred in ruling these costs would be presented to a fact finder.

Affirmed in part, reversed in part.

SHIELDS, P.J., and MILLER, J., concur.