**James H. WELLS, Appellant–Plaintiff,**

**v.**

**The STONE CITY BANK and Paul M. Patton, Individually and in his Representative Capacity, Appellees–Defendants.**

No. 47A05–9608–CV–324.

Court of Appeals of Indiana.

Feb. 16, 1998.

Lawrence E. Strodtman, Lawrence E. Strodtman & Associates, Cumberland, for appellant.

Mary J. Hoeller, Dina M. Cox, Lewis & Wagner, Indianapolis, for appellee.

## OPINION

BARTEAU, Judge.

James H. Wells appeals the trial court's grant of a judgment on the pleadings in favor of The Stone City Bank and Paul M. Patton (the Bank). Wells raises four issues, which we consolidate and restate as:

> 1. Whether an allegation that a bank wrongfully dishonored checks written on an account-holder's account states a claim for breach of the bank's contractual obligation toward the account-holder, when the account-holder alleges damages in the form of lost business opportunities and damage to reputation resulting from the alleged breach?
>
> 2. Whether a bank's representation that checks drawn on an account-holder's account will be honored upon presentment can support a claim of constructive fraud after some checks are wrongfully dishonored?

We reverse and remand.

### FACTS

On February 19, 1991, the Bank lent Wells $15,000.00. Wells opened a business checking account the same day, and the loan money was to be deposited into the checking account. Between February 20, 1991, and March 4, 1991, Wells wrote three checks on the account, totaling $9,534.20. The Bank did not honor the checks.

About three years later, Wells sued the Bank alleging wrongful dishonor, breach of the duty of good faith, breach of contract, and fraud. He sought 17.5 million dollars in lost income as well as punitive damages, costs, and attorney fees. The Bank moved for a judgment on the pleadings, asserting

---

1. Indiana Code section 34–1–2–2 provides that actions for "injuries to person or character [and] for injuries to personal property" must be commenced within two years after the cause of action has accrued.

2. Indiana Code section 34–1–2–1 provides that actions "on accounts and contracts not in writing" and "for relief against frauds" must be commenced within six years after the cause of action has accrued.

---

Wells' claims against the Bank were barred by the two-year statute of limitations for personal injury claims.[1] Its motion was granted, and Wells' subsequent motion to correct error was denied.

### STANDARD OF REVIEW

Wells contends the judgment on the pleadings in favor of the Bank was error because his complaint was one for breach of contract and fraud, and those actions are governed by a six-year statute of limitations.[2]

A judgment on the pleadings pursuant to Indiana Trial Rule 12(C) is proper only when there are no genuine issues of material fact and when the facts shown by the pleadings clearly entitle the moving party to judgment. *Wagle v. Henry,* 679 N.E.2d 1002, 1004 (Ind. Ct.App.1997). A motion for judgment on the pleadings should be granted only when it is clear from the pleadings that the non-moving party cannot in any way succeed under the facts and allegations therein. *Noblesville Redevelopment Comm'n v. Noblesville Assocs. Ltd. Partnership,* 674 N.E.2d 558, 562 (Ind.1996). In reviewing the grant of a T.R. 12(C) motion, we accept as true the well-pleaded material facts alleged in the pleadings, and our review is confined to information included in the pleadings. *Id.*

### BREACH OF CONTRACT

■ The trial court determined that Wells' action was "substantively one for personal injuries in that he alleges damages for a loss of personal and business reputation and loss of business income." R. at 104.[3] Thus, the court reasoned, the claim was subject to a two-year limitation, because some of those damages more typically arise from the commission of a tort. However, the damages Wells alleges are premised on a breach of contract theory and they arise out of his

---

3. The trial court apparently concluded that the gravamen of Wells' suit is to obtain compensation for damages to his reputation and credibility; thus, it is essentially a tort action. However, we note that Wells also claimed damages in the form of a lost opportunity to successfully conclude a business transaction in which he was engaged, and the lost income resulting therefrom.

contractual relationship with the Bank. For that reason, we believe his action is governed by the limitations period for breach of an oral contract.

■ Where either of two statutes of limitations may apply to a claim, any doubt should be resolved in favor of applying the longer limitation. *Northern Indiana Pub. Serv. Co. v. Fattore Const. Co.*, 486 N.E.2d 633, 634 (Ind.Ct.App.1985), *overruled on other grounds, Berns Const. Co., Inc. v. Miller,* 516 N.E.2d 1053, 1053 (Ind.1987). *And see* 51 Am.Jur.2d *Limitation of Actions* § 63 (1970); 54 C.J.S. *Limitation of Actions* § 39 (1987).

■ A tort is "[a] legal wrong committed upon the person or property *independent of contract.*" *Black's Law Dictionary* 1489 (6th ed.1990) (emphasis supplied). But the relationship between a depositor and a bank is contractual in nature. *Teeling v. Indiana National Bank,* 436 N.E.2d 855, 858 (Ind.Ct. App.1982). A checking account, in particular, is a contract of deposit of funds between a depositor and a financial institution. *Kroslack v. Kroslack,* 504 N.E.2d 1024, 1025 n. 1 (Ind.1987).

The alleged source of the damages Wells claims is the Bank's wrongful dishonoring of Wells' checks; its failure to notify Wells in a timely manner that the checks were being dishonored; and its wrongful acceleration of a note Wells executed with the bank. None of that conduct can be characterized as independent of the contractual relationship which arose when Wells and the defendants entered into a banking relationship.

Generally, there is no contractual relationship between a tortfeasor and a victim. But here, the parties' contractual relationship is inseparable from the wrongs Wells alleges. For example, no creditor bank can wrongfully accelerate a note unless it has a contractual relationship with the debtor. In *Orkin Exterminating Co., Inc. v. Walters,* 466 N.E.2d 55 (Ind.Ct.App.1984), we decided that the trial court erred when it allowed Walters to sue Orkin in tort for damages which arose from Orkin's negligence in treating Walters' home. Walters brought a tort action instead of an action on the contract because the contract contained an exculpatory clause limiting Orkin's liability to retreatment only.

We determined that the suit should have been brought in contract:

> The plaintiff seeks to avoid the effect of the liquidation clause on the ground that it has no application to a tort action. However, the plaintiff makes no claim that a duty was owed to it outside of that created by the contract, and no breach of duty was alleged other than a failure to render the contracted for service. Although an action in tort may sometimes be brought for the negligent breach of a contractual duty, still the nature of the duty owed and the consequences of its breach must be determined by reference to the contract which created that duty.

*Id.* at 58, *quoting Better Food Markets, Inc. v. American Dist. Tel. Co.,* 40 Cal.2d 179, 253 P.2d 10, 15–16 (1953) (citations omitted). Similarly, Wells does not appear to allege any duty that was owed to him outside of that duty arising out of his contractual relationship with the Bank, and he appears to allege no breach of that duty other than the Bank's failure to perform the contracted-for service. His action should not be completely barred on the ground that it is essentially a tort claim.

■ It may be that some or all of the damages Wells seeks are not recoverable in this breach of contract action. For example, we have held damages for loss of reputation are only available in actions for libel, slander, abuse of process, malicious prosecution, and third party contract interference. *Greives v. Greenwood,* 550 N.E.2d 334, 338 (Ind.Ct.App. 1990). The reason that remedy is available in those actions is that loss of reputation is a foreseeable result of those wrongs. *Id.* So, at trial, a court might determine that damages for any loss of reputation Wells suffered are not recoverable because the loss of reputation was not a foreseeable result of the Bank's breach of its contract with Wells.

■ But the possibility that a particular injury is not a foreseeable result of a particular breach of contract should not completely foreclose a litigant from proving the breach and recovering those damages which he can show to be a foreseeable consequence of the breach. As our supreme court noted in *Lawyers Title Ins. Corp. v. Pokraka,* 595 N.E.2d

244, 247 (Ind.1992), "recovery on theories of fraud or breach of an oral contract would always involve either personal injury or damage to property." So, it decided, an application of the two-year limitation period for injuries to personal property to Pokraka's claim, which arose from fraud or breach of an oral contract, would be improper. Even though the harm Pokraka suffered could be characterized as injury to personal property, the court noted that applying the two-year limitations period "would be tantamount to judicially repealing these six-year statutes of limitations" for fraud and breach of an oral contract. *Id.*

Applying the two-year limitations period here would be, as it was in *Lawyers Title,* tantamount to judicially repealing the statute of limitations for actions for breach of an oral contract. The trial court's decision has that effect, and it denies Wells his day in court for his breach of contract claim, just because some of the consequential damages he alleges might be more appropriately sought in a tort action.

We believe the better approach is to allow Wells' breach of contract claim to go forward and to allow the trial court to determine the nature of Wells' contractual relationship with the Bank, to decide whether the Bank breached any of the duties which arose from that relationship, and to decide whether the injuries Wells alleges were a foreseeable result of the Bank's breach. For that reason, we reverse the dismissal of Wells' contract count, and remand.

### FRAUD

The second count of Wells' complaint alleges that when the Bank accepted his certified check, opened a commercial checking account for him, and issued counter checks, it was fraudulently misrepresenting a material fact—that is, that the Bank would honor checks drawn on that account and presented for payment.

An action for actual fraud may not be based on the representations Wells alleges. To sustain an action for actual fraud, a party must prove five elements: 1) that there was a material misrepresentation of past or existing fact; 2) that the representation was false; 3) that the representation was made with knowledge or reckless ignorance of its falsity; 4) that the complaining party relied on the representation; and 5) that the representation proximately caused the complaining party's injury. *Rice v. Strunk,* 670 N.E.2d 1280, 1289 (Ind.1996).

Any representations the Bank might have made when Wells opened his account to the effect that the Bank would honor checks that would be drawn on Wells' account in the future were not representations of "past or existing fact"; rather, they were representations regarding future conduct. Such representations cannot support a fraud action. *See, e.g., Anderson v. Indianapolis Indiana AAMCO Dealers Adver. Pool,* 678 N.E.2d 832, 837 (Ind.Ct.App.1997), *trans. denied* (misrepresentations concerning future benefits under an advertising agreement could not support a fraud action).

However, a representation regarding future conduct can, in some situations, give rise to a constructive fraud. *See, e.g., Farrington v. Allsop,* 670 N.E.2d 106, 109 (Ind.Ct.App.1996) (summary judgment for debtor based on statute of limitations was improper when debtor broke promises to repay a loan). While Wells' allegations do not state a cause of action for actual fraud, they do allege a constructive fraud. The six-year statute of limitations for actions seeking relief against frauds applies to constructive, as well as actual, frauds. *Ballard v. Drake's Estate,* 103 Ind.App. 143, 152, 5 N.E.2d 671, 675 (1937). For that reason, a judgment on the pleadings on the fraud count was improper, and we remand to the trial court for its consideration of the constructive fraud question.

Constructive fraud arises by operation of law when there is a course of conduct which, if sanctioned by law, would secure an unconscionable advantage, irrespective of the actual intent to defraud. *Mullen v. Cogdell,* 643 N.E.2d 390, 401 (Ind. Ct.App.1994). The elements of constructive fraud are: 1) a duty existing by virtue of the relationship between the parties; 2) representations or omissions made in violation of that duty; 3) reliance thereon by the complaining party; 4) injury to the complaining party as a proximate result thereof; and 5)

the gaining of an advantage by the party to be charged at the expense of the complaining party. *Id.*

In constructive fraud, the law infers fraud from the relationship of the parties and the circumstances which surround them. It is not necessary to show that there was actual intent to defraud. *Farrington,* 670 N.E.2d at 109. The existence of a fiduciary relationship is not the only basis for a claim of constructive fraud. For example, in *Mullen,* we noted that a constructive fraud may also arise where the relationship between the parties is that of buyer and seller, because in a buyer-seller relationship one party may possess knowledge not possessed by the other and may thereby enjoy a position of superiority over the other. The relationship is therefore one which invokes a duty of good faith and fair dealing. *Id.*

We decline to hold that the relationship between a bank and a checking account holder is always necessarily a fiduciary one. However, we do believe the relationship invokes a duty of good faith and fair dealing to at least the same extent as does a buyer-seller relationship. A bank is inherently in a position superior to its checking account holders, who, in order to conduct their business, must depend on the bank to protect the account holder's funds and to honor checks on the account holder's account when they are properly presented for payment. The bank and account holder relationship, like the buyer and seller relationship, is sufficient to support an inference of fraud, and Wells' pleadings thus allege the first element of constructive fraud.

In addition to alleging the existence of a relationship which gives rise to a duty on the part of the Bank which could support an action for constructive fraud, Wells also made allegations which would satisfy the remaining elements of constructive fraud. The Bank's alleged representation that it would honor Wells' checks and the subsequent wrongful dishonor of Wells' checks would be a representation or omission in violation of the Bank's duty toward Wells. Wells' pleadings allege reliance on the Bank's representation that Wells' checks would be honored upon presentment, in the form of Wells' decision to execute the note that was the source of the funds deposited into his account, and his decision to deposit the funds into his checking account. Wells alleges damage from his reliance, in the form of lost income, lost business opportunity, and damage to his reputation. Finally, Wells alleges that through its actions, the Bank gained an advantage at Wells' expense by creating a sham transaction which generated interest income for the Bank but no benefit to Wells.

We cannot say that it is clear from the pleadings that Wells could not in any way succeed under the facts and allegations therein. For that reason, a judgment on the pleadings in favor of the Bank on Wells' fraud count was error.

### CONCLUSION

The trial court improperly granted the Bank's motion for a judgment on the pleadings because the damages Wells alleges flow from the Bank's alleged breach of its contract with Wells, and because the relationship between Wells and the Bank invoked a duty toward Wells which could serve as the basis for an action for constructive fraud. The trial court's decision is reversed and the cause is remanded for further proceedings.

SHARPNACK, C.J., concurs.

RUCKER, J., dissents with opinion.

RUCKER, Judge, dissenting.

I concur in the result the majority reaches on the issue of fraud. Otherwise, I respectfully dissent. No matter how finely the line is drawn, at the end of the day count one of Wells' complaint sounds in negligence. In determining the applicability of the statutes of limitation, we look to the substance of the cause of action rather than the form in which it was pleaded. *Klineman, Rose & Wolf, P.C. v. North Am. Lab. Co.,* 656 N.E.2d 1206, 1207 (Ind.Ct.App.1995), *trans. denied; Insul–Mark Midwest, Inc. v. Modern Materials, Inc.,* 594 N.E.2d 459, 464 (Ind.Ct.App. 1992), *adopted in part,* 612 N.E.2d 550 (Ind. 1993). The substance of the cause of action is ascertained by an inquiry into the nature of the alleged harm and not by reference to the theories of recovery advanced in the complaint. *Whitehouse v. Quinn,* 477 N.E.2d

270, 274 (Ind.1985); *Insul–Mark,* 594 N.E.2d at 464.

In this case Wells' complaint for breach of contract alleges that "the Bank's actions sufficiently damaged Mr. Wells' business and personal reputation and credibility [such] that his capacity to continue to operate [Wells' business] was destroyed." R. at 8. The complaint further alleges that "the Bank failed to notify Mr. Wells of its decision to dishonor said checks in a timely manner communicating its decision instead to a disinterested third party further impugning Mr. Wells' personal and business reputation." R. at 7. The complaint asserts that as a result of the Bank's actions, Wells suffered lost income in the amount of $17.5 million plus interest. The substance of Wells' alleged breach of contract claim is to obtain compensation for damages sustained to his personal and business reputation and credibility. However, damages as a result of injury to reputation and credibility are properly recoverable in a tort action rather than in an action for breach of contract. *See, e.g., Greives v. Greenwood,* 550 N.E.2d 334, 338 (Ind.Ct.App.1990) (damages for loss of reputation are only available in actions for libel, slander, abuse of process, malicious prosecution and third party contract interference; these intentional torts afford this remedy because the result is foreseeable); *Indiana & Michigan Elec. Co. v. Terre Haute Indus., Inc.,* 507 N.E.2d 588, 607 (Ind.Ct.App.1987), *trans. denied,* 525 N.E.2d 1247 (Ind.1988) (in breach of contract action "[n]o authority exists for the proposition that future profits are recoverable for loss of face in the industry"); *Claise v. Bernardi,* 413 N.E.2d 609, 611 (Ind.Ct.App.1980) (damages for injury to credit and reputation are ordinarily recoverable in tort actions for libel, slander, malicious prosecution, and abuse of process rather than in breach of contract action).

In this case the nature of the alleged harm is damage to Wells's personal and business reputation and credibility, and thus the substance of his cause of action is for personal injuries. A claim for personal injury must be commenced within two years after its accrual. I.C. § 34–1–2–2. Wells did not initiate his action against the Bank until 1994, three years after his claim against the Bank accrued. Accordingly I dissent and would affirm the trial court on this issue.