UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 28, 2006[*]
Decided April 12, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 05-4117 | |
| | Appeal from the United States |
| JAMES A. MUDD, | District Court for the Northern District |
| *Plaintiff-Appellant,* | of Indiana, Fort Wayne Division. |
| | |
| *v.* | No. 04 C 465 |
| | |
| FORD MOTOR COMPANY, | Theresa L. Springmann, |
| *Defendant-Appellee.* | *Judge.* |

**O R D E R**

James Mudd bought a Ford pickup truck that revealed persistent stalling problems in the several years after he purchased it. Mudd alleges that Ford Motor Company fraudulently induced him not to seek recourse under Indiana's "Lemon Law" until the statute of limitations had run on such a claim. He did not bring a claim under the Lemon Law, arguing that Ford was equitably estopped from asserting a statute of limitations defense. Rather, he commenced this suit against Ford alleging actual and constructive fraud. The district court granted Ford's

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Mudd now appeals. For the reasons set forth in this order, we affirm the district court's judgment.

We accept as true all well-pleaded allegations in Mudd's complaint and draw all reasonable inferences in his favor. *Cler v. Illinois Educ. Ass'n*, 423 F.3d 726, 729 (7th Cir. 2005). In September 2001 James Mudd bought a Ford F150 pickup truck from a Ford Motor Company dealership in Fort Wayne, Indiana. Between March and August 2002, Mudd brought the truck to the dealership for repair at least four times because the truck stalled when coming to a stop. Ford was unable to fix the stalling problem. In September 2002, Mudd provided Ford with written notice of the defect and requested a full refund pursuant to Indiana's "Lemon Law," Ind. Code § 24-5-13.[1] Ford responded that "[w]e...are anxious to retain you as a satisfied customer" and indicated that Mudd's information had been forwarded to Ford's regional office and his dealership and that he should contact the dealership if not contacted within seven days. Ford continued trying to fix the stalling problem. When Mudd returned to the dealership in April 2003, Mike Lothamer, the dealership service manager, offered to extend the warranty on Mudd's truck while a decision on his refund request was pending. He also told Mudd that "there was no need to file any civil action" because Ford was going to "take care" of him. Mudd continued experiencing stalling problems and the dealership continued attempting to repair the truck without success.

In March 2004, Mudd contacted an attorney about commencing suit under the Indiana Lemon Law. However, the attorney informed him that a claim was time barred. In August 2004, at Lothamer's suggestion, Mudd applied for, but was denied, relief from a Dispute Settlement Board that purportedly mediates disputes between Ford and its customers. Several months later, Mudd commenced this suit asserting claims for actual and constructive fraud arising out of Ford's statements,

---

[1] The Lemon Law creates a cause of action if a vehicle's nonconformity continues to exist after at least four attempts at repair by the manufacturer or its agents or dealers. Ind. Code § 24-5-13-15. But the law applies only for a defined "term of protection" that, in a case such as this, begins when the vehicle was originally delivered to the buyer and ends the earlier of 18 months later or when the vehicle has been driven 18,000 miles. Ind. Code § 24-5-13-7. Here, based on the service receipts attached as exhibits to the complaint, it appears that Mudd's truck had been driven 28,848 miles when Mudd first brought the truck to the dealership to repair the stalling problem. Because it appears that the term of protection had lapsed, Mudd may not have had a viable Lemon Law claim. But Mudd has not pursued a Lemon Law claim in the district court or here, so for this and other reasons stated in this order we do not reach this issue.

including that it wished to retain him as a satisfied customer, which Mudd alleges induced him not to pursue his legal remedies under the Lemon Law.

As an initial matter, we note that Mudd did not set forth a basis for federal jurisdiction in his complaint or briefs. Ford asserts that diversity jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because Mudd alleges sufficient damages and because the parties are diverse, Ford being incorporated in Delaware and having its principal place of business in Michigan and Mudd "presumably" being a citizen of Indiana. Although Mudd does not assert his citizenship, the complaint, the district court docket sheet, and other documents in the record indicate that he is a resident of Fort Wayne, Indiana. Accordingly, we conclude there is federal jurisdiction.

We review *de novo* the district court's grant of a motion to dismiss and will affirm only if there is no set of facts that would entitle Mudd to relief. *Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th Cir. 2005). Mudd argues first that the district court erred in dismissing his claim of actual fraud by deeming the first element of fraud absent here. Under Indiana law, the elements of a claim for actual fraud are: "(1) a material misrepresentation of past or existing fact which (2) was untrue, (3) was made with knowledge of or in reckless ignorance of its falsity, (4) was made with the intent to deceive, (5) was rightfully relied upon by the complaining party, and (6) which proximately caused the injury or damage complained of." *Doe v. Howe Military Sch.*, 227 F.3d 981, 990 (7th Cir. 2000). An assertion of "past or existing fact" is a statement in which the content "is susceptible of 'exact knowledge' at the time the statement is made." *Vaughn v. General Foods Corp.*, 797 F.2d 1403, 1411 (7th Cir. 1986). But opinions, promises of future conduct, and statements of intent do not rise to the level of assertions of fact under Indiana law. *Doe*, 227 F.3d at 990–91; *Vaughn*, 797 F.2d at 1411. In some jurisdictions, a statement of a present intention or state of mind will support a claim of actual fraud. *MBNA America Bank, N.A. v. Hostetter*, 320 B.R. 674, 684–85 (Bankr. N.D. Ind. 2005) (citing to New York law and the Restatement 2d, Torts); *Flip Mortgage Corp. v. McElhone*, 841 F.2d 531, 537 (4th Cir. 1988) (applying Virginia law). But Indiana has explicitly rejected that rule. *Peoples Trust Bank v. Braun*, 443 N.E.2d 875, 877–79 (Ind. Ct. App. 1983), citing *Sachs v. Blewett*, 206 Ind. 151, 185 N.E. 856 (1933).

Mudd appears to assert that Ford's statement that it was "anxious to retain [Mudd] as a satisfied customer" and that it would "take care" of him constituted a misrepresentation of a material fact because, broadly construed, the statements falsely conveyed Ford's present state of mind or intent to address his concerns. But under Indiana law, such statements are not factual and therefore not actionable as fraud. *Peoples Trust Bank*, 443 N.E.2d at 877–79.

Mudd next argues that the district court erred in dismissing his constructive fraud claim. Under Indiana law, the elements of the equitable remedy of constructive fraud are: the existence of a duty by virtue of a special relationship between the parties; deceptive and material representations or omissions made in violation of that duty; and reliance on the deceptive statements or omissions resulting in injury to the complaining party and an unconscionable advantage to the defrauding party. *Doe*, 227 F.3d at 991; *Trytko v. Hubbell, Inc.*, 28 F.3d 715, 728 (7th Cir. 1994). Normally the "special relationship" is a fiduciary or confidential one between the parties. *Doe*, 227 F.3d at 991. But a special relationship may also arise out of a buyer-seller relationship where one party possesses knowledge not possessed by the other, *see Wells v. Stone City Bank*, 691 N.E.2d 1246, 1251 (Ind. Ct. App. 1998); *Mullen v. Cogdell*, 643 N.E.2d 390, 401 (Ind. Ct. App. 1995), or out of a course of dealing in which the party with knowledge provides information and the other party relies on it, *see A.I. Credit Corp. V. Legion Ins. Co.*, 265 F.3d 630, 635–36 (7th Cir. 2001). The types of statements that give rise to constructive fraud generally are misrepresentations or omissions of objective fact and occur during the business transaction rather than after it. *See Wells*, 691 N.E.2d at 1251 (bank misrepresented to account holder that his checks would be honored); *Stoll v. Grimm*, 681 N.E.2d 749, 757–58 (Ind. Ct. App. 1997) (seller of campground misrepresented condition of electrical system to buyer); *Mullen*, 643 N.E.2d at 401 (home buyers misrepresented their identity to seller to avoid paying commission).

Here, there are no circumstances giving rise to a "special relationship" between Mudd and Ford. Mudd does not assert that Ford possessed any technical knowledge that gave it a position of superiority over Mudd or that they were engaged in a course of dealing over multiple transactions in which Ford used its superior knowledge to induce Mudd's reliance. Rather, Mudd simply contends that after the purchase Ford was not genuine in its assertion that it wished to keep him satisfied and would "take care" of him. Such vague statements are not of the type that generally give rise to a constructive fraud claim. Rather than being misrepresentations or omissions of objective facts, Ford's statements reflect its state of mind and intentions concerning its future actions, which are not actionable under Indiana law.

Accordingly, we AFFIRM the district court's judgment.