NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


HAJI TEHRANI,                              )
                                           )
            Appellant,                     )
                                           )
v.                                         )        Case No. 2D16-1020
                                           )
1st SOURCE INSURANCE, INC., an             )
Indiana corporation; STRAYER              )
SURVEYING & MAPPING, INC., a              )
Florida corporation; and ROBERT B.        )
STRAYER, JR.,                              )
                                           )
            Appellees.                     )
_____)

Opinion filed November 3, 2017.

Appeal from the Circuit Court for Sarasota
County; Peter A. Dubensky and Andrea
McHugh, Judges.

George A. Vaka and Nancy A. Lauten of
Vaka Law Group, P.L., Tampa, for
Appellant.

Jessica Kirkwood Alley of Freeborn &
Peters, LLP, Tampa, and Raquel Ramirez
Jefferson of Phelps Dunbar, LLP, Tampa,
for Appellee 1st Source Insurance, Inc., an
Indiana corporation.

No appearance for remaining Appellees.



KHOUZAM, Judge.

Haji Tehrani appeals the final judgment entered in favor of 1st Source Insurance, Inc. Because the trial court erred in granting summary judgment on Tehrani's intentional misrepresentation claim, we reverse that portion of the final judgment. As to Tehrani's other claims, we affirm the final judgment without comment.

Tehrani's complaint alleged that in late 2007, he was considering purchasing a home on Casey Key Road in Osprey, Florida. In early 2008, Tehrani entered into a contract to purchase the property contingent upon the condition of the property and its carrying costs, including the cost of flood insurance. The cost of flood insurance was dependent upon whether the home was located in a costal barrier resource area (CBRA). Tehrani asked 1st Source Insurance, his insurance broker, to advise him as to the insurability of the Casey Road Property as well as the cost of any available flood insurance.

Because real property located in CBRAs is not eligible for federally backed flood insurance through the National Flood Insurance Program (NFIP), 1st Source advised Tehrani to obtain an elevation certificate which would determine whether the Casey Road Property was in a CBRA. If the property was located in a CBRA, private flood insurance would be available, but at drastically increased rates. Tehrani hired Strayer Surveying and Mapping to conduct an elevation survey, and Strayer generated an elevation certificate that incorrectly provided that the Casey Key Property was not located in a CBRA.

Based on the incorrect elevation certificate, 1st Source advised Tehrani that NFIP flood insurance was available and provided quotes. Tehrani alleged that he relied on these representations and insurance quotes in deciding to close on the Casey

Key Property. 1st Source ultimately represented that it had obtained a flood insurance policy on the property, and Tehrani paid premiums for the policy.

In February 2010, the mistake in Strayer's original elevation certificate was discovered, and Strayer issued a corrected certificate. The corrected certificate showed that the Casey Key property was actually located in a CBRA.

Tehrani filed suit against Strayer in May 2011 but did not add 1st Source to the suit until it filed its third amended complaint in March 2013. In the intentional misrepresentation claim against 1st Source, the complaint alleged that on multiple occasions, 1st Source represented that flood insurance was available or had been procured at certain rates for the Casey Key property. Tehrani specifically identified these statements and attached the emails to the complaint. He insisted he justifiably relied on these representations in deciding to close on the property. Tehrani further alleged that 1st Source was on notice that the insurance quotes it provided were false and that flood insurance was not available at the quoted rates for the Casey Key property. The complaint further alleged that contrary to 1st Source's representations, a flood insurance policy was never issued for the Casey Key property. Tehrani claimed that he was misled into believing that the property was insurable and, as a result, suffered damages because he was exposed to inordinately high flood insurance premiums and the property's location in a CBRA reduced its value.

The trial court applied Indiana law to Tehrani's claims.[1] On appeal, neither party disputes that Indiana law applies. The court granted summary judgment in favor

[1]Tehrani is a resident of Indiana, and 1st Source is an Indiana corporation.

of 1st Source on Tehrani's intentional misrepresentation claim, applying a two-year statute of limitations. See Ind. Code § 34-11-2-4(a) (2009).

After the trial court entered a final judgment, Tehrani timely appealed. On appeal, Tehrani maintains that the trial court erred in applying a two-year statute of limitations to his intentional misrepresentation claim. He argues that the trial court should have applied the six-year statute of limitations applicable to claims for "relief against frauds" to this cause of action. See Ind. Code § 34-11-2-7(4). We agree.

This court reviews a trial court's order granting summary judgment de novo. Shaw v. Tampa Elec. Co., 949 So. 2d 1066, 1069 (Fla. 2d DCA 2007). It is undisputed that Indiana law applied to this action. Under Indiana law, claims sounding in negligence are subject to a two-year statute of limitations. Ind. Code § 34-11-2-4(a). However, claims for "relief against frauds" are subject to a six-year statute of limitations. Ind. Code § 34-11-2-7(4). This latter six-year period "applies to those cases involving fraud when the immediate and primary object of the suit is to obtain relief from fraud. It does not apply to actions which fall within some other class even though questions of fraud may arise incidentally." Martin v. Rinck, 491 N.E.2d 556, 558 (Ind. Ct. App. 1986).[2] However, "[w]here either of two statutes of limitations may apply to a claim, any doubt should be resolved in favor of applying the longer limitation." Wells v. Stone City Bank, 691 N.E.2d 1246, 1249 (Ind. Ct. App. 1998). In ascertaining the applicable statute of limitations, Indiana courts examine "the substance of the cause of action by inquiring into the nature of the alleged harm." Whitehouse v. Quinn, 477 N.E.2d 270, 274 (Ind. 1985). Merely using labels like "fraud" to characterize a claim is insufficient to

_____

[2]Martin interpreted Indiana Code section 34-1-2-1, a prior version of section 34-11-2-7(4).

- 4 -

bring it into the scope of the six-year statute of limitations. See, e.g., Small v. Centocor, Inc., 731 N.E.2d 22, 29 (Ind. Ct. App. 2000).

Under Indiana law, in order to state an action for fraud, the plaintiff must allege

> 1) that there was a material misrepresentation of past or existing fact; 2) that the representation was false; 3) that the representation was made with knowledge or reckless ignorance of its falsity; 4) that the complaining party relied on the representation; and 5) that the representation proximately caused the complaining party's injury.

Wells, 691 N.E.2d at 1250. Here, Tehrani specifically stated a claim for fraud by alleging (1) that 1st Source made certain representations as to the availability of flood insurance; (2) that these representations were false; (3) that 1st Source knew these representations were false because they were on notice that the Casey Key property was in a CBRA; (4) that Tehrani relied on these representations; and (5) that the misrepresentations were the proximate cause of the harm sustained by Tehrani. Moreover, the trial court was obligated to resolve any doubt in favor of the longer statute of limitation. See id. at 1249. Thus, the trial court should have applied a six-year statute of limitations to Tehrani's intentional misrepresentation claim.

Accordingly, the trial court erred in granting summary judgment in favor of 1st Source on Tehrani's intentional misrepresentation claim; we hereby reverse that portion of the summary judgment and remand for further proceedings consistent with this opinion. We otherwise affirm.

Affirmed in part; reversed in part; remanded.


CRENSHAW and ROTHSTEIN-YOUAKIM, JJ., Concur.