# FOR PUBLICATION



FILED

Apr 23 2012, 9:02 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MATTHEW C. MOORE**
Fechtman Law Firm
Indianapolis, Indiana

ATTORNEY FOR APPELLEES:

**JON D. MADISON**
DeFur Voran LLP
New Castle, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| NATHAN ABERNATHY, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 33A04-1106-CC-317 |
| | ) | |
| LARRY BERTRAM and KEITH BROYLES, | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE HENRY CIRCUIT COURT
The Honorable Mary G. Willis, Judge
Cause No. 33C01-0906-CC-206

**April 23, 2012**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

Nathan Abernathy appeals some of the trial court's findings in his action against Keith Broyles and Larry Bertram for breach of contract, quantum meruit, unjust enrichment, and conversion. He presents two issues for our review:

1. Whether the trial court abused its discretion when it denied him a damages award equal to an expected payment from Abernathy's crop insurance policy; and

2. Whether the trial court erred when it determined Abernathy was not entitled to damages for conversion.

We affirm.

**FACTS AND PROCEDURAL HISTORY**

In the late spring of 2007, Broyles and Abernathy entered into an oral agreement whereby Abernathy would pay cash to rent farm land from Broyles. Abernathy cleared the land and planted winter wheat for harvest in the summer of 2008. At some point during the summer of 2008, Broyles and Abernathy spoke regarding Abernathy's failure to pay rent. After that conversation, Broyles hired Bertram to harvest the wheat Abernathy planted, and Broyles sold it to a grain mill for $3,293.74.

On June 4, 2009, Abernathy filed a complaint against Broyles for breach of contract and *quantum meruit*. Abernathy stated a claim against Broyles and Bertram for unjust enrichment and damages for conversion pursuant to Ind. Code § 34-24-3-1. On March 25, 2011, the trial court awarded Abernathy $3,950.00. That amount was based on the amount for which Broyles sold it the crop and the value of lost hay or straw, minus $2,000.00 in rent

Abernathy owed Broyles. The trial court found Abernathy proved his breach of contract, unjust enrichment, and *quantum meruit* claims, but it denied his conversion claim.

## DISCUSSION AND DECISION

When, as is the case here, a trial court enters findings of fact and conclusions of law *sua sponte*, the findings "control only as to the issues they cover and a general judgment will control as to the issues upon which there are no findings." *Tracy v. Morell*, 948 N.E.2d 855, 862 (Ind. Ct. App. 2011). We review findings for clear error and we review conclusions of law *de novo*. *Boyer v. Ind. Dep't of Natural Res.*, 944 N.E.2d 972, 983 (Ind. Ct. App. 2011). A judgment is clearly erroneous if no evidence supports the findings, the findings do not support the judgment, or the trial court applied the wrong legal standard. *Id.* at 983-84.

Our review of a challenge to a trial court's award of damages is limited. *Prime Mort. USA, Inc. v. Nichols*, 885 N.E.2d 628, 656 (Ind. Ct. App. 2008). We affirm if the amount of damages is supported by evidence on the record, and we do not reweigh the evidence or judge the credibility of witnesses. *Id.* We consider only the evidence favorable to the award, and affirm if the award is "within the scope of the evidence before the finder of fact." *Id.*

1.  Damages for Breach of Contract

The trial court awarded $3,950.00 in damages for Broyles' breach of the parties' oral contract. Abernathy argues the trial court should have awarded him an additional $9,223.00, which was the value of a crop insurance policy he allegedly was due. The trial court found, regarding Abernathy's crop insurance policy:

> [Abernathy] purchased crop insurance. [Broyles] was not a party to this crop insurance contract. [Abernathy] never paid the crop insurance premium and

3

> [Abernathy] is unable to make a claim under the policy. The crop insurance policy does not guarantee a minimum price for the crop unless the crop is a total loss. There is no evidence as to what the loss on this crop would have been, only the full amount that was possible under the policy.

(App. at 8.)

That finding was supported by the evidence. Abernathy and his insurance agent, Chely Broerman, testified Abernathy applied for insurance. Broerman testified the application "made [Abernathy's] insurance valid." (Tr. at 55.) Abernathy and Broerman testified Abernathy did not pay the premium. Broerman testified Abernathy was not required to pay his premium until after he harvested the crop, and Abernathy would receive $9,223.00 minus his premium "if he had had a total loss." (*Id*. at 57.) Thus, she said, "if he's had a total loss on that, the amount due to him would have been Eight Thousand, Seven Hundred, and Sixty-five Dollars ($8,765.00)." (*Id*.)

However, there was no such "total loss": the wheat Abernathy planted was harvested and sold. Evidence presented at trial indicated there would be a partial payout of the policy even if the wheat crop was not a total loss, but Abernathy did not present evidence indicating what that amount would be. Therefore, the trial court would have been required to "indulge in speculation in fixing the amount to be awarded," *Greives v. Greenwood*, 550 N.E.2d 334, 337 (Ind. Ct. App. 1990), if it based damages on the value of the insurance policy.

Thus, the court's finding regarding the crop insurance was supported by evidence, and Abernathy's argument to the contrary is an invitation to reweigh the evidence, which we may not do. *See Prime Mort. USA, Inc.*, 885 N.E.2d at 656 (appellate court may not reweigh the

4

evidence when trial court makes findings of fact). Accordingly, we hold the trial court did not err when it determined the amount to award Abernathy as damages for breach of contract.

2.  Damages for Conversion

In his complaint, Abernathy asserted, "Pursuant to Indiana Code 34-24-3-1, Abernathy is entitled to treble damages and attorney's fees as a result of Defendants' conversion." (App. at 16.) Ind. Code § 34-24-3-1 states, in relevant part:

> If a person . . . suffers a pecuniary loss as a result of a violation of IC 34-43, IC 35-42-3-3, IC 34-42-3-4, or IC 35-45-9, the person may bring a civil action against the person who caused the loss for the following:
> (1) An amount not to exceed three (3) times:
>     (A) the actual damages of the person suffering the loss
> * * *
> (2) The costs of the action.
> (3) A reasonable attorney's fee.

The statute also allows the plaintiff to receive damages for travel expenses, compensation for loss of time, compensation for plaintiff's employees and agents used to pursue the action, and "[a]ll other reasonable costs of collection." (*Id.*) A person commits criminal conversion when he "knowingly or intentionally exerts unauthorized control over property of another person[.]" Ind. Code § 34-43-4-3.

The trial court denied Abernathy's conversion complaint, finding:

> 1.  [Abernathy] first contacted Defendant Broyles in 2007 in an attempt to negotiate a farming agreement with [Broyles].
> 2.  The parties agree that [Abernathy] could plant a crop and that cash rent would be paid to [Broyles].
> 3.  [Abernathy] planted the crop with the consent of [Broyles].
> 4.  The parties hotly dispute the nature of their conversation in the summer of 2008 which caused Broyles to hire Bertram to harvest the crop. Broyles claims that Abernathy told him to harvest the crop because there would not be sufficient proceeds to pay cash rent. Abernathy

5

denies this claim and asserts that he informed Broyles that the cash rent could be paid from the harvested crop and/or crop insurance proceeds, if necessary. Broyles denies knowledge of the crop insurance.

5. The Court finds that these assertions cannot be reconciled sufficiently for [Abernathy] to establish the elements of conversion.

6. The Court finds that the Plaintiff shall take nothing under Count IV of the complaint and the Court declines to award treble damages and attorney fees pursuant to I.C. 34-24-3.

(App. at 10.) Abernathy argues the trial court erred when it denied his claim for damages for conversion because he presented all the necessary elements for conversion. We disagree.

Abernathy claimed damages pursuant to Ind. Code § 34-24-3-1, alleging Broyles and Bertram committed conversion. That statute requires the elements of criminal conversion be proven by a preponderance of the evidence. *McKeighen v. Daviess County Fair Board*, 918 N.E.2d 717, 723 (Ind. Ct. App. 2009). Thus, Abernathy had to prove Broyles and Bertram "knowingly or intentionally" exercised unauthorized control over his property. Ind. Code § 34-43-4-3. The court found he did not prove *mens rea* because Broyles presented testimony Abernathy told him to harvest the crop. We decline Abernathy's invitation to reweigh the evidence. *See Prime Mort. USA, Inc*. 885 N.E.2d at 656 (appellate court may not reweigh the evidence when trial court makes findings of fact). The trial court did not err when it denied Abernathy's conversion claim.

## CONCLUSION

The trial court's findings regarding the value of Abernathy's crop insurance policy were supported by evidence, and the trial court did not err when it did not include the value of the crop insurance policy in the amount of damages it ordered Broyles to pay. The trial

6

court did not err when it denied Abernathy's conversion claim because Abernathy did not prove by a preponderance of the evidence Broyles and Bertram intended to exercise unauthorized control over Abernathy's property. Accordingly, we affirm the decision of the trial court.

Affirmed.

CRONE, J., and BROWN, J., concur.