**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

APPELLANT PRO SE:

**WAYNE EVANS**
Jeffersonville, Indiana

ATTORNEY FOR APPELLEE:

**MARCUS M. BURGHER IV**
Burgher & Burgher, PC
Corydon, Indiana

FILED
Oct 22 2012, 9:21 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WAYNE EVANS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 10A01-1111-PL-539 |
| | ) | |
| DUKE ENERGY INDIANA, INC., | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE CLARK CIRCUIT COURT
The Honorable Daniel E. Moore, Judge
Cause No. 10C01-0906-PL-528

**October 22, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

In 2008, Wayne Evans bought a tract of land that is subject to a perpetual easement held by the electric company, Duke Energy Indiana, Inc. ("Duke"). The following year, he submitted a proposal to construct a building that would encroach nearly halfway into the sixty-foot easement. Duke filed a complaint, requesting preliminary and permanent injunctions to prohibit Evans from constructing a building within the boundaries of the easement. The trial court granted a preliminary injunction. During the proceedings on the permanent injunction, Evans accused Duke of witness tampering and filed a motion for sanctions. Duke filed a motion to strike Evans's motion for sanctions as well as a request for attorney's fees, claiming that Evans's accusation of criminal intimidation and obstruction of justice was frivolous, unreasonable, and/or groundless. Following a bench trial, the court issued an order granting Duke's request for a permanent injunction. The trial court also denied Evans's motion for sanctions and granted Duke's request for attorney's fees.

Evans now appeals pro se, claiming that the trial court erred in granting Duke's request for a permanent injunction and in awarding Duke $612.50 in attorney's fees. Finding no error, we affirm.

**Facts and Procedural History**

In 1906, Jessie Young, the owner of a Clark County tract of land ("the property"), conveyed the property to the Louisville and Northern Railway and Lighting Company ("Louisville Lighting"). The deed was duly recorded. The conveyance required Jessie to remove all buildings from the property. In 1937, Louisville Lighting's successor in interest,

2

Public Service Company of Indiana ("PSI") quitclaimed its right of way to Arthur and Hattie Young, but reserved to itself and its successors "all electric transmission and distribution lines, substations, structures, equipment and appurtenances located on said Real Estate, and the right to maintain, replace, renew, repair and remove the same or any part thereof upon or from said Real Estate at any time." Plaintiff's Ex. C. Arthur and Hattie simultaneously granted to PSI

> a Right-of-Way and perpetual easement to construct, maintain and operate a line or lines with the necessary poles, towers, structures, wires, cables, and appurtenances for the transmission, distribution and delivery of electrical energy to other persons and concerns and to the public in general, for light, heat, power, telephone and/or other purposes in, upon, along and over the Real Estate of the grantor.

Plaintiff's Ex. D. The easement covered a sixty-foot swath across the property. Both the deed and the easement were duly recorded.

As PSI's successor in interest, Duke took over operation of a 69,000-volt uninsulated electric transmission line within the boundaries of the 1937 easement on the property. In 2008, Evans purchased the property "[s]ubject to any and all easements and/or restrictions of public record that may apply to the above described Real Estate." Plaintiff's Ex. A. In 2009, he submitted a proposal to construct a building that would extend more than twenty-six feet into Duke's sixty-foot easement. In June 2009, Duke filed a motion for preliminary and permanent injunctions to prevent Evans from encroaching on its easement. The trial court granted the preliminary injunction, pending further proceedings.

In January 2011, Evans filed a notice of witness tampering and motion for sanctions, accusing Duke of criminal obstruction and intimidation of defense witnesses. Duke filed a

motion to strike the pleading and a request for sanctions against Evans in the form of attorney's fees for a frivolous, unreasonable, and/or groundless filing. After numerous hearings and a September 2011 bench trial, the trial court issued its judgment, granting Duke's motion for permanent injunction, denying Evans's motion for sanctions, and awarding Duke $612.50 in attorney's fees. Evans now files this pro se appeal. Additional facts will be provided as necessary.

## Discussion and Decision

Evans contends that the trial court erred in enjoining him from building his proposed structure and in imposing attorney's fees. At the outset, we note that his filings are replete with defects[1] and that he has a duty to adhere to the same procedural rules as a litigant represented by a licensed attorney. *Steele v. McDonald's Corp.*, 686 N.E.2d 137, 140 (Ind. Ct. App. 1997), *trans. denied* (1998). Significant defects may result in waiver or dismissal. *Id*. Notwithstanding, we find his arguments to be essentially sufficiency-of-evidence claims and will address them on the merits.

### *I. Injunctive Relief*

Evans claims that the trial court erred in granting Duke's request for a permanent injunction. The decision to grant an injunction lies within the sound discretion of the trial court and will not be overturned unless it was arbitrary or amounted to an abuse of discretion. *Drees Co. v. Thompson*, 868 N.E.2d 32, 41 (Ind. Ct. App. 2007), *trans. denied*. Where, as here, the trial court issues findings of fact and conclusions thereon, we must determine

---

[1] For example, in his appellant's brief, Evans fails to provide a properly formatted, complete statement

4

whether the evidence supports the findings and whether the findings support the judgment and will reverse only when the judgment is clearly erroneous. *Barlow v. Sipes*, 744 N.E.2d 1, 5 (Ind. Ct. App. 2001), *trans. denied*. Findings of fact are clearly erroneous when the record lacks any evidence or reasonable inferences to support them. *Id*. On review, we consider only the evidence most favorable to the judgment and construe findings together liberally in favor of the judgment. *Id*.

In determining whether to grant a plaintiff's request for a permanent injunction, the trial court considers: (1) whether the plaintiff succeeds on the merits of his underlying claim; (2) whether the plaintiff's remedies at law are adequate; (3) whether the threatened injury to the plaintiff outweighs the threatened harm a grant of relief would place upon the defendant; and (4) whether the public interest would be disserved by granting relief. *Id*. Here, Evans purchased the property by warranty deed, which states in part that the conveyance is "[s]ubject to any and all easements and/or restrictions of public record that may apply to the [property]." Plaintiff's Ex. A. The conveyance to Duke's predecessor in interest granted "a Right-of-Way and perpetual easement to construct, maintain and operate a line or lines with necessary poles, towers, structures, wires, cables, and appurtenances for the transmission, distribution and delivery of electrical energy to other persons and concerns and to the public in general for light, heat, power, telephone and or other purpose in, upon, along and over the Real Estate of the grantor." Plaintiff's Ex. D. Duke's easement consists of a sixty-foot-wide strip across Evans's property. Evans proposed to construct a building that would encroach

upon the easement by more than twenty-six feet. The trial court found that Evans's construction of the building would make the operation of the electric line more dangerous, thereby making it inconsistent with the use and enjoyment of the easement. *Holding v. Ind. & Mich. Elec. Co.*, 400 N.E.2d 1154, 1158 (Ind. Ct. App. 1980). The record clearly supports the trial court's finding that Duke should prevail on the merits of its claim for injunctive relief.

Moreover, the evidence supports the trial court's findings that Evans's construction of a building that would extend nearly halfway through the easement would (1) interfere with Duke's ability to operate, maintain, repair, and replace its utility lines; (2) prevent Duke from constructing underground lines; (3) prevent Duke from constructing additional lines, poles, towers, or cables to transmit, distribute, and deliver electrical energy to the public; and (4) pose a heightened risk to the safety and well-being of Evans, Duke's employees, and the public. The trial court considered the National Electric Safety Code ("NESC") and the Electric Transmission Rights-of-Way Guidelines/Restrictions ("ETRG") adopted by Duke. The standards differed, and whereas Evans's proposed construction might not have been in violation of the NESC standards, it would have been in violation of the ETRG restrictions. Additionally, the easement states that

> Grantee [Duke] shall and will indemnify and save the Grantors [Evans] harmless from any and all damages, injuries, losses, claims, demands or costs proximately caused by the fault, culpability or negligence of the Grantee [Duke] in the construction, maintenance, and operation of said transmission line or lines and the structure and appurtenances connected therewith over, across and along the [property].

6

Plaintiff's Ex. D. Money damages would not be adequate to allow Duke to construct and maintain its power lines, and the potential harm and disruption to the public posed by *not* granting an injunction substantially outweighs the inconvenience to Evans in having to situate his proposed building in another location.

Finally, to the extent that Evans relies on the NESC as dispositive[2] and cites testimony from neighbors that is inconsistent with Duke's claims, he merely invites us to reweigh evidence and judge witness credibility, which we may not do. *Abernathy v. Bertram*, 967 N.E.2d 510, 513 (Ind. Ct. App. 2012). Based on the foregoing, we conclude that the evidence supports the trial court's judgment granting Duke's request for a permanent injunction.

## II. Attorney's Fees

Evans also challenges the trial court's order granting Duke's request for attorney's fees. We review an award of attorney's fees using an abuse of discretion standard. *Thacker v. Wentzel*, 797 N.E.2d 342, 346 (Ind. Ct. App. 2003). An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Id*.

Indiana Code Section 34-52-1-1(b)(1) states, "In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party …

---

[2] "The National Electric Safety Code is not of and to itself determinative, but is only one of the factors to be considered by the court in determining whether such encroachment occurs." *Holding*, 400 N.E.2d at 1158. The record shows that the trial court gave consideration to the NESC.

brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless."

> A claim is frivolous (a) if it is taken primarily for the purpose of harassing or maliciously injuring a person, or (b) if the lawyer is unable to make a good faith and rational argument on the merits of the action, or (c) if the lawyer is unable to support the action taken by a good faith and rational argument for an extension, modification, or reversal of existing law. A claim is unreasonable if, based on a totality of the circumstances, including the law and facts known at the time of the filing, no reasonable attorney would consider that the claim or defense was worthy of litigation or justified. And a claim is groundless if no facts exist which support the legal claim relied on and presented by the losing party.

*Kopka, Landau & Pinkus v. Hansen*, 874 N.E.2d 1065, 1074-75 (Ind. Ct. App. 2007) (citations and internal quotation marks omitted).

Here, Evans filed a notice of witness tampering, claiming that Duke's representative committed criminal intimidation and obstruction of justice during a meeting with his witnesses, the Jameses. Duke countered by filing a motion to strike and a request for attorney's fees pursuant to Indiana Code Section 34-52-1-1. At the hearing on these motions, the Jameses both testified that they did not feel threatened during their meeting with Duke's representative. Tr. at 150-51, 153-54, 162-63, 167, 170. As such, the very witnesses that Duke was alleged to have intimidated were the ones who debunked Evans's claim. The trial court found that Evans had presented no evidence to support his claim of witness tampering, struck his pleading, and awarded Duke $612.50 in attorney's fees based on Duke's counsel's uncontroverted testimony that he charges $175 per hour and spent three and a half hours responding to the witness-tampering claim. *Id.* at 169-70. Simply put, the record supports both the imposition and the amount of the fee. Evans's arguments to the contrary are merely

8

invitations to reweigh evidence and judge witness credibility, which we may not do.

*Abernathy*, 967 N.E.2d at 513. Accordingly, we affirm the trial court in all respects.

Affirmed.

RILEY, J., and BAILEY, J., concur.